UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| RANKO ANTIC, as an individual,<br><br>Plaintiff,<br><br>v.<br><br>TRIDENT SEAFOODS CORPORATION, a Washington Corporation, and JOHN DOE a Washington Corporation,<br><br>Defendants. | IN LAW AND ADMIRALTY<br><br>Case No.  2:24-cv-00626<br><br>**SEAMAN'S COMPLAINT FOR PERSONAL INJURY UNDER THE JONES ACT, 46 USC § 30104, AND THE GENERAL MARITIME LAW AND FOR MAINTENANCE AND CURE**<br><br>Rule 28 U.S.C. § 1916 Seaman to Sue Without Prepayment of Costs<br><br>**JURY DEMAND REQUESTED** |

COMES NOW Plaintiff **RANKO ANTIC** (*hereinafter*, "ANTIC" or "Plaintiff"), by and through his counsel of record, Nigel T. Stacey and Joseph S. Stacey of Stacey & Jacobsen, PLLC, alleges for his Complaint against Trident Seafoods Corporation (*hereinafter*, "TRIDENT"), and JOHN DOE, as owner of F/V SEATTLE ENTERPRISE, as follows:

I.      **JURISDICTION**

1.1     This is a claim for personal injuries *in personam* sustained by a seaman in the course and scope of his employment aboard a commercial fishing vessel F/V SEATTLE ENTERPRISE.

SEAMAN'S COMPLAINT - 1

Stacey & Jacobsen, PLLC
Attorneys at Law
Washington Alaska Oregon
4039 21st Avenue West, Suite 401
Seattle, WA  98199
Telephone (206) 282-3100

Plaintiff brings this case against his employer and operator of the vessel. Plaintiff RANKO ANTIC is a seaman within the meaning of the Merchant Marine Act of 1920, 46 U.S.C. § 30104, et. seq., commonly known as the Jones Act. Jurisdiction is vested in this Honorable Court pursuant to 46 U.S.C. § 30104, which incorporates by reference 45 U.S.C. § 56 (providing for Federal Court jurisdiction), and 28 U.S.C. §1331, and the Savings to Suitors Clause, 28 U.S.C. § 1333.

## II.   THE PARTIES

2.1   Plaintiff RANKO ANTIC was, at all relevant times, a "Jones Act" seaman. He was serving as a seaman in the service of F/V SEATTLE ENTERPRISE at all relevant times. PLAINTIFF is a resident of Zajecar, Serbia.

2.2   Defendant TRIDENT SEAFOODS CORPORATION is a Washington Corporation, which is licensed to do business in the State of Washington, and at all times relevant hereto owned and/or operated and/or managed F/V SEATTLE ENTERPRISE.

2.3   Defendant TRIDENT SEAFOODS CORPORATION is a Washington Corporation, which is licensed to do business in the State of Washington, and at all times relevant hereto employed PLAINTIFF thereon as a seaman.

2.4   Defendant TRIDENT SEAFOODS CORPORATION has its principal place of business in Seattle, Washington.

2.5   Defendant JOHN DOE is a Washington Corporation, which is licensed to do business in the State of Washington, and at all times relevant hereto owned and/or operated and/or managed F/V SEATTLE ENTERPRISE and/or employed PLAINTIFF thereon as a seaman. TRIDENT has its principal place of business in Seattle, Washington.

SEAMAN'S COMPLAINT - 2

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

## III.  LIABILITY

3.1  On or about May 28, 2021, while in the course of his employment with the TRIDENT and/or JOHN DOE and while in the service of F/V SEATTLE ENTERPRISE, ANTIC was severely injured as a result of the negligence of the TRIDENT and/or the unseaworthiness of F/V SEATTLE ENTERPRISE.  TRIDENT and/or JOHN DOE breached State and/or Federal laws and/or safety regulations and/or guidelines, as described more fully below, and which is also referred to as negligence and/or unseaworthiness.

3.2  At all relevant times, ANTIC worked aboard F/V SEATTLE ENTERPRISE for Trident Seafoods Corporation as a processor.

3.3  On the date of injury ANTIC was assigned to sort fish on the F/V SEATTLE ENTERPRISE.

3.4  On March 28, 2021, while aboard the F/V SEATTLE ENTERPRISE and working within the scope of his employment, the plaintiff was physically assaulted by Matisoni Mauga.

3.5  Mauga punched Plaintiff in his face multiple times.

3.6  The vicious attack was unprovoked.

3.7  The attack was vicious to the point where it broke Plaintiff's protective eyewear.

3.8  Mauga was an employee of Defendant TRIDENT.

3.9  Defendant had hiring and firing power over Mauga.

3.10  Defendant's employees and agents were Mauga's supervisors.

3.11  The attack on Plaintiff was sudden, unprovoked, savage, and/or vicious.

3.12  This kind of attack was not usual and/or customary for Defendant's crew.

3.13  The physical assault violated State and Federal Statutes that protected the plaintiff.

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

3.14   The defendant was negligent because they improperly hired a crewmember who would viciously assault another crewmember unprovoked, failed to properly supervise Mauga, and failed to provide Plaintiff a safe place to work.

3.15   Defendants were negligent because they failed to establish a vessel that would not have one crewmember assault another.

3.16   The vessel was unseaworthy because it had a crewmember aboard who would suddenly, unprovoked, savagely, and/or viciously attack another crewmember.

3.17   Plaintiff sustained multiple facial injuries, including but not limited to, orbital floor fracture, mouth and facial abrasions, broken teeth and facial scarring.  Plaintiff has also suffered emotional injuries because of the sudden, unprovoked, savage, and/or vicious attack.

3.18   ANTIC was injured as a direct and proximate result of Defendants' negligence and/or the unseaworthiness of F/V SEATTLE ENTERPRISE.

## IV.   NO COMPARATIVE FAULT

4.1   As a matter of law, the employer's and/or shipowner's violation of a Coast Guard Safety Regulation prohibits a finding of comparative fault.  *Fuszek v Royal King Fisheries, Inc.*, 98 F.3d 514, 517 (9th Cir. 1996).  Plaintiff cannot be deemed comparatively at fault in this case.

## V.   NO ASSUMPTION OF THE RISK

5.1   Plaintiff is a seaman and, as a matter of law, cannot assume the risk of injury.

## VI.   DAMAGES

6.1   As a direct and proximate result and/or legal cause of the negligence of the defendants, and the unseaworthiness of F/V FASTBREAK, Plaintiff sustained multiple facial injuries, including but not limited to, orbital floor fracture, mouth and facial abrasions, broken teeth and facial scarring.  The full extent of his injuries is presently undetermined.  Plaintiff has

SEAMAN'S COMPLAINT - 4

Stacey & Jacobsen, PLLC
Attorneys at Law
Washington Alaska Oregon
4039 21st Avenue West, Suite 401
Seattle, WA 98199
Telephone (206) 282-3100

suffered pain, anguish, and permanent disability in the past and will in the future.  He has incurred medical expenses in the past and may in the future.  The full extent of the permanent impairment to his wage-earning capacity is presently undetermined.  He has lost wages in the past and may lose wages in the future.

## VII.  MAINTENANCE, CURE AND UNEARNED WAGES

7.1     Defendant, by reason of the injuries received by Counterclaim Plaintiff in the course of his employment on board F/V SEATTLE ENTERPRISE, is liable to Plaintiff for his provable entitlements of maintenance and cure.  Plaintiff is entitled to reimbursement and/or damages to the extent Defendants have not provided all maintenance, cure, unearned wages, and/or repatriation.

## VIII.  JURY DEMAND

8.1     Pursuant to Fed. R. Civ. P. 38 and 46 U.S.C. § 30104, demand is hereby made that the above-captioned case be tried by a jury.

**WHEREFORE**, Plaintiff prays for a judgment, in accordance with the evidence to be presented at the time of trial and as may be permitted under the General Maritime Law and the Jones Act, for all general and special damages permitted under the law, including but not limited to: maintenance and cure, entitlements, lost wages both past and future, pain and suffering both past and future, temporary disability, permanent disability, past medical bills, future medical bills, future attendant care expenses, anguish and loss of life's enjoyments, together with taxable costs, maritime prejudgment interest, and attorney fees.  Plaintiff further prays for all remedies and *in*

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA  98199
TELEPHONE (206) 282-3100

*personam* under this Court's legal and equitable jurisdiction.

DATED this 6th day of May, 2024.

        Respectfully submitted,

        STACEY & JACOBSEN, PLLC

        By:  *s/Nigel T. Stacey*
            Nigel T. Stacey, WSBA #55458
            nstacey@maritimelawyer.us
            4039 21st Avenue W., #401
            Seattle, WA 98199
            Telephone: 206-282-3100
            Fax:   206-282-1149
            ***Attorneys for Plaintiff***

        STACEY & JACOBSEN, PLLC

        By:  *s/Joseph S. Stacey*
            Joseph S. Stacey, WSBA No. 12840
            jstacey@maritimelawyer.us
            4039 21st Avenue W., #401
            Seattle, WA 98199
            Telephone: 206-282-3100
            Fax:   206-282-1149
            ***Attorneys for Plaintiff***

**SEAMAN'S COMPLAINT** - 6

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

## VERIFICATION

Nigel T. Stacey, being first duly sworn, deposes and sayeth: that he makes this Verification and that he has read the foregoing complaint and that all the facts and allegations therein are true and correct to the best of his knowledge under penalty of perjury of the laws of the United States of America. That he, as the attorney for RANKO ANTIC, is authorized to make this verification on behalf of the Plaintiff.

DATED this 6th day of May, 2024.

_____
Nigel T. Stacey, WSBA #55458

SEAMAN'S COMPLAINT - 7

Stacey & Jacobsen, PLLC
Attorneys at Law
Washington Alaska Oregon
4039 21st Avenue West, Suite 401
Seattle, WA 98199
Telephone (206) 282-3100